IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENT GODDARD, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-922-RGA |
| CENTURION MEDICAL DEP'T, et al., | : |
| Defendants. | : |

Regent Goddard, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

November 21, 2022
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Regent Goddard, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). Plaintiff requests counsel. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Plaintiff alleges deliberate indifference to serious medical needs under 42 U.S.C. § 1983 and negligent and intentional infliction emotional distress under Delaware law. (*Id.* at 6). He alleges the violations are on-going without providing any dates. (*Id.* at 6). Named Defendants include Warden Dana Metzger, Warden Robert May, Doctor Aduh, Medical Board & Many Others, Centurion Medical Department Janitor, Medical Administrator Matthew Wooford, Medical Administrator Anthony Jacobs, Medical Administrator Mr. Scott, the People who Sit on the Board, and Delaware Department of Correction Commissioner Claire DeMatteis. (*Id.* at 1-5).

Plaintiff seeks compensatory damages, requests counsel, and asks to be sent back to a federal prison in Springfield, Missouri. (*Id.* at 9).

1

**SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C.

2

§§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Medical Claims**. A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth

3

Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, courts have a responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment, prison officials must ensure inmates receive adequate medical care).

In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. at 837. A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. A "failure to provide adequate care . . . [that] was deliberate, and motivated by non medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

"A prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued

4

on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

As pled, the allegations fail to state cognizable claims. The one paragraph that mentions Centurion does not state a claim. (D.I. 3 at ¶ 1). It merely states that when Centurion[1] took over as the medical contract provider, Plaintiff notified it by letter of his medical needs and explained his need for its help. (*Id.*)

Plaintiff alleges that after he wrote to Centurion, he spoke to Wooford and nothing was done, but does not state when this happened. (*Id.* at ¶ 3). Plaintiff alleges that he asked Dr. Aduh to check his cancer spot and she responded she would keep an eye on it. (*Id.* at ¶ 5). At some point after that, a biopsy determined the spot was cancer. (*Id.*) Plaintiff alleges that Dr. Aduh tried to be very caring until he "wrote her up."[2] (*Id.*) The allegations do not indicate when this occurred, and, in any event, the allegations do not rise to the level of an Eighth Amendment violation.

Plaintiff alleges that Administrator Scott questioned two nurses who "quit after messing up scheduling for [inmate] care." (*Id.*at ¶ 9). This does not state an Eighth Amendment claim.

---

[1] The Complaint alleges that medication was taken from Plaintiff on February 9, 2020, and he was left in serious pain. (*Id.* at ¶ 2) This took place prior April 1, 2020, when Centurion became the health care provider.
[2] Plaintiff attached about 100 pages of grievances and their history to his complaint. (D.I. 3-1).

5

Plaintiff alleges that he notified Warden Metzger and Warden May of his situation and he was placed in S-1 Building for his protection. (*Id.* at ¶ 13). Again, this does not state a claim for a violation of any constitutional right.

Some allegations are directed to non-defendants (*id.* at ¶¶ 4, 8) while others do not identify the individuals alleged of wrongdoing or when the wrongdoing occurred. (*id.* at ¶¶ 5, 6, 7, 10). Metzger and Jacobs are named as defendants, yet there are no allegations directed against them.

The Complaint does not state cognizable claims. It is possible, however, that Plaintiff may be able to state claims upon amendment. Therefore, the Complaint will be dismissed and Plaintiff will be given leave to amend.

**Request for Counsel**. Plaintiff seeks counsel on the grounds that he needs a lawyer as soon as possible, he does not have the assistance continue this case, it would be unfair to deny his request, and he needs outside investigation. (D.I. 5).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[3] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

At this point there is not a viable complaint and no defendant has been served. Although Plaintiff has been given leave to file an amended complaint, whether appointment of counsel is merited is premature at this point. Accordingly, Plaintiff's request for counsel will be denied without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 5); and (2) dismiss the Complaint as legally frivolous and for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.